FILED

2009 Feb-23  PM 02:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| CYNTHIA M. THOMAS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CV 08-B-1884-S |
| | ) | |
| HUMANA  HEALTH  PLAN,  INC.; | ) | |
| STEVE STEVENSON, | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION</u>

This case is before the court on defendants' Partial Motion to Dismiss, contained in their Answer.  (Doc. 2 at 12-16.)[1]  Because defendants rely on evidence outside the pleadings, the court notified the parties that it would consider the Motion to Dismiss as a Motion for Summary Judgment.  (Doc. 4.)

Plaintiff Cynthia M. Thomas has sued her former employer, defendant Humana Health Plan,[2] and her supervisor, defendant Steve Stevenson, alleging that defendants discriminated against her on the basis of her age and race, and that they retaliated against her for complaining about discrimination.  (Doc. 1 ¶¶ 18-46.)  Plaintiff also alleges that defendants violated her Constitutional rights of free speech, free association, due process and equal

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2]Defendants contend that the correct name for defendant Humana Health Plan is "Humana MarketPOINT, Inc."  (Doc. 2 at 1.)

protection.  (*Id*. ¶¶ 48-50.)  Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's Partial Motion to Dismiss, (doc. 2), which the court has converted to a Motion for Summary Judgment, is due to be granted.

## I.  <u>SUMMARY JUDGMENT STANDARD</u>

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of showing no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and show that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Id.* at 249.  Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and, therefore, evidence favoring the

non-moving party is to be believed and all justifiable inferences are to be drawn in her favor.

*See id.* at 255.  Nevertheless, the non-moving party "need not be given the benefit of every

inference but only of every reasonable inference."  *Graham v. State Farm Mut. Ins. Co.*, 193

F.3d 1274, 1282 (11th Cir. 1999)(citing *Brown v. City of Clewiston*, 848 F.2d 1534, 1540

n.12 (11th Cir. 1988))(emphasis added).

## II.  **STATEMENT OF FACTS**[3]

On December 4, 2007, defendant Humana terminated plaintiff's employment.  (Doc.

1 ¶ 14 .)  Plaintiff filed a verified charge of discrimination with the EEOC on December 10,

2007.  (Doc. 2, Ex. A.)   On the face of her EEOC charge, plaintiff indicated that the

discrimination was based on her age and that it occurred on December 4, 2007.  (*Id*.)  She

stated the following as the "particulars" of her Charge:

> I am a female of the protected act (62).  I began my employment with
> [Humana] on January 10, 2005, as a Sales Representative.  On or about April
> 2006, Steve Stevenson was promoted to Director.   Since Stevenson's
> promotion, I have been harassed and treated less favorably with respect to the
> terms and conditions of employment.  I believe my co-workers are treated
> more favorably because they are much younger than I am at least by 15-20
> years.  Also, Steve Stevenson, Director[,] is approximately 35 years old.
>
> I was terminated on December 4, 2007, and [Humana] indicated it was due to
> my competency and critical offenses that had occurred.  I believe other
> coworkers have committed the same or more serious offenses and they have
> not been terminated.

---

[3]The Statement of Facts is drawn from the evidence viewed in the light most favorable
to plaintiff, the non-moving party, and all justifiable inferences have been drawn in her favor.

> I believe I have been discriminated against because of my age, in violation of the Age Discrimination in Employment Act of 1967, as amended.

(*Id.*)

On February 22, 2008, plaintiff's current counsel wrote a letter to the EEOC investigator, in which he requested that plaintiff's charge be amended to include a claim of race discrimination.[4]  (Doc. 7, Ex. C.)  This letter stated:

> The purpose of this letter is to inform you that my office represents [plaintiff] regarding the above referenced charge number.  . . .
>
> [T]he purpose of this letter is also to amend [plaintiff's] claim.  It is my understanding that [plaintiff] initially filed a claim raising the issue of age discrimination in the above referenced claim.  Please amend [plaintiff's] claim to include the issue of race discrimination.  It is my understanding that since her discharge from [defendant], an African American female has filled her position.  Therefore, we believe that not only is her claim based upon age but it is also based upon race.

(*Id.*)  This letter did not mention that plaintiff was also claiming that defendants retaliated against her.  (*See id.*)

Plaintiff alleges she provided additional information to the EEOC in a letter faxed to the EEOC investigator.[5]  (Doc. 7, Ex. D.)  In this letter, plaintiff states:

---

[4]According to defendants, this letter is not included in the EEOC file.  (*See* doc. 8 at 3 and Ex. B.)  However, plaintiff has submitted proof that the letter was received by the EEOC.  (Doc. 7, Ex. C.)  For purposes of deciding defendants' Motion to Dismiss, the court assumes this letter was received by the EEOC.

[5]This document is not included in the EEOC file produced by defendants.  (*See* doc. 8, Ex. B.)  Moreover, nothing in the plaintiff's Exhibit D, shows the document was received by the EEOC.  (*See* doc. 7, Ex. D.)  Nevertheless, for purposes of deciding defendants' Motion to Dismiss, the court assumes this document was received by the EEOC.

About Sept. 5, I went to Steve Stevenson to report that I had been told that Sherbrina Watkins was discussing my salary with a worker next door to our office, Patsy Dunavant. Steve's only comment was, "[T]here's 2 sides to everything[.]" I said Patsy was willing to talk to him. He said he would get back to me.

On Sept. 17, Steve called a meeting @ 3:00 in the afternoon with me and Sherbrina. When I walked into the conference room, she was already there. She clearly had a strange look on her face. She had not been in the office at all that day until the meeting. Steve proceeded with the meeting. I thought it was to discuss the salary complaint. He started by saying, ["O]nce and for all I want you two to hash it out, I'm sick of the bickering.["] I was stunned. I said, "[W]here is HR for this meeting[.]" [H]e said, ["D]o you want them on a conference call?["] He was clearly very angry and his anger was clearly directed at me. The meeting lasted for two hours. I walked out with a clear understanding that my position had just been threatened. . . .

. . .

Sherbrina Watkins obtained her insurance license on Aug. 20. In Sept. was when I began to notice that something not quite right was going on. Sales Mgr. Bobby Francis came to me one day and said, ["Y]ou need to watch your back.["] I said, ["W]hat does that mean? Tell me what's going on.["]

On Friday Dec. 5, Bobby called me. He said earlier Steve had begun to ask managers and some reps for any information they had that he could use against me. He had several reps turn over their computers so he could check the emails from me.

It is my opinion that at some point, there was a campaign to terminate my employment [and] to move Sherbrina into the position. She has stated on several occasions the position should have been hers. A license is required for the MSS position and as soon as she obtained her license, that's about when Steve began to obtain information from sales reps and managers to terminate my employment.

This is clearly an age & racial issue. She is a black female. I am a white, over 60, female.

(*Id.*)  Plaintiff's additional information did not mention retaliation.  (*See id.*)

On August 4, 2008, the EEOC issued plaintiff a Notice of Right to Sue upon her request to her former counsel.  (Doc. 8, Ex. A.)  The Notice referred only to a claim of age discrimination.  (*Id*.)

Thereafter, plaintiff filed the instant action against defendants Humana and Stevenson alleging (1) age discrimination in violation of the ADEA with regard to her termination and a hostile work environment, (2) race discrimination in violation of Title VII with regard to her termination, (3) race discrimination in violation of §1981 with regard to a hostile work environment, (4) retaliation in violation of the ADEA and §1981 with regard to her termination, (5) violations of the First and Fourteenth Amendments pursuant to § 1983. (Doc. 1.)

Defendants filed a Motion to Dismiss with its Answer, to which it attached plaintiff's EEOC charge.  (Doc. 2.)  Because defendant relied on evidence outside the pleadings, the court converted the Motion to Dismiss to a Motion for Summary Judgment.  (Doc. 4.)

### III.  DISCUSSION

In their Answer, defendants ask the court to dismiss the following claims: "(1) the ADEA and Title VII claims against Defendant Stevenson, (2) the ADEA retaliation and Title VII claims against Defendant Humana and (3) the First and Fourteenth Amendment claims against Defendants Humana and Stevenson."  (Doc. 2 at 13.)  Plaintiff concedes that dismissal is appropriate for her ADEA and Title VII claims against Stevenson and her § 1983 First and Fourteenth Amendment claims against both defendants. (Doc. 7 at 4-5.) Therefore,

defendants' Motion to Dismiss with regard to these claims will be granted and such claims will be dismissed.

As to the ADEA retaliation claims against defendant Humana, defendants contend that such claims are due to be dismissed on the ground that they were not included in plaintiff's EEOC charge.  (Doc. 2 at 14.)   Plaintiff, however, contends that her retaliation claim is related to her ADEA termination claim; therefore, such claim is properly before the court. (Doc. 7 at 13-15.)

Plaintiff alleges that she engaged in protected activity "while employed at Humana," and that defendants retaliated against her "[b]y terminating [her] employment."  (Doc. 1 ¶¶ 39-40.)  Plaintiff filed her EEOC charge *after* her termination.  (Doc. 2, Ex. A.)  "If . . . the alleged retaliatory action occurs *before* the initial EEOC charge is filed, a plaintiff must exhaust [her] administrative remedies as to that claim by including factual information in the charge that discloses the factual basis for the retaliation claim."  *Houston v. Army Fleet Services, L.L.C.*, 509 F. Supp. 2d 1033, 1043 (M.D. Ala. 2007)(citing *Gregory v. Georgia Dept. of Human Resources*, 355 F.3d 1277 (11th Cir. 2004); *Miller v. Southwestern Bell Tel. Co.*, 51 Fed. Appx. 928, 2002 WL 31415083 at *6-*8 (5th Cir. 2002); *Ang v. Procter & Gamble Co.*, 932 F.2d 540, 547 (6th Cir. 1991); *Steffen v. Meridian Life Ins. Co.*, 859 F.2d 534, 544-45 & n.2 (7th Cir. 1988), *cert. denied*, 491 U.S. 907 (1989))(emphasis in original); *see also Williamson v. International Paper Co.*, 85 F. Supp. 2d 1184, 1196-97 (S.D. Ala. 2000).

Because the alleged retaliatory action occurred before plaintiff filed her EEOC charge,

she was required to include her retaliation claim in her EEOC charge.  Nothing in the charge

or in the additional documents submitted by plaintiff indicates that she ever complained of

retaliation to the EEOC.   Therefore, defendants' Motion to Dismiss plaintiff's ADEA

retaliation claim will be granted.

As to the Title VII race discrimination claim against defendant Humana,[6] defendants

contend that such claim is due to be dismissed on the ground that it was not included in

plaintiff's EEOC charge.  (Doc. 2 at 14.)  Plaintiff, however, contends that she amended her

EEOC charge to include a Title VII race discrimination claim; therefore, such claim is

properly before the court.  (Doc. 7 at 11-12.)

An EEOC charge "may be amended to cure technical defects or omissions, including

failure to verify the charge, or to clarify and amplify allegations made therein. Such

amendments and amendments alleging additional acts which constitute unlawful employment

practices related to or growing out of the subject matter of the original charge will relate back

to the date the charge was first received."  29 C.F.R. § 1601.12(b) (Title VII EEOC charges);

*see also* 29 C.F.R. § 1626.8(c)(ADEA EEOC charges – "A charge may be amended to clarify

or amplify allegations made therein. Such amendments and amendments alleging additional

acts which constitute unlawful employment practices related to or growing out of the subject

---

[6]The court notes that plaintiff's Complaint does not contain a claim for retaliation
under Title VII.  (*See* doc. 1 ¶¶ 28-30, 41, 46.)

matter of the original charge will relate back to the date the charge was first received.").

Plaintiff's Title VII race discrimination claims are not related to and do not grow out of her

original age discrimination claims.  *See Chanda v. Engelhard/ICC*, 234 F.3d 1219, 1225

(11th Cir. 2000)(national origin discrimination claim not like or related to claim of

retaliation); *see also  Mathis v. Leggett & Platt*,  263 Fed. Appx. 9, 12, 2008 WL 124512, 2

(11th Cir. 2008)[unpublished](citing *Gregory*, 355 F.3d at 1279-80; *Manning v. Chevron

Chemical Co.*, 332 F.3d 874, 878 (5th Cir. 2003); *Sanchez v. Standard Brands, Inc.*, 431 F.2d

455, 465 (5th Cir. 1970))).  Because plaintiff did not file an EEOC charge alleging race

discrimination, her Title VII race discrimination claim against Humana is due to be

dismissed.[7]

### CONCLUSION

For the foregoing reasons, the court is of the opinion that there are no material facts

in dispute and that defendants are entitled to judgment as a matter of law as to plaintiff's

Title VII claims and § 1983 claims against defendants, her ADEA claims against Stevenson,

and her ADEA retaliation claim against Humana.  An Order granting defendants' Motion to

Dismiss, (doc. 2), will be entered contemporaneously with this Memorandum Opinion.

---

[7]The court notes that plaintiff's §1981 claims against defendants, which complain about the same adverse employments actions as her Title VII race claims, remain pending.

**DONE**, this the 23rd day of February, 2009.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE